UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA LEVI ALGER,

    Plaintiff,

v.

MUSKEGON COUNTY
SHERIFF'S DEPARTMENT, et al.,

    Defendants.
_____/

Case No. 1:15-cv-631

HON. ROBERT HOLMES BELL

## OPINION AND ORDER

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. On August 3, 2016, Magistrate Judge Phillip J. Green issued a Report and Recommendation ("R&R") recommending that Defendants' motions for summary judgment be granted. (ECF No. 78.) This matter is before the Court on Plaintiff's objection to the order denying his motion for extension of time (ECF No. 90), Plaintiff's objections to the R&R (ECF No. 87), and Defendants' motions for summary judgment (ECF Nos. 57, 59, 61, 63). Plaintiff did not file a response to Defendants' motions for summary judgment.

**Report and Recommendation**

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify

the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff objects to the R&R "in [its] entirety," and made four specific objections. (ECF No. 87.) First, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff has not presented evidence of Defendants' deliberate indifference to his serious medical and psychological needs. Second, Plaintiff objects to the Magistrate Judge's findings involving cell conditions, use of restraints, risk of assault, and use of force. Third, Plaintiff objects to the Magistrate Judge's finding that Defendants are entitled to qualified immunity.

Plaintiff also objected to several facts that the Magistrate Judge relied upon when reaching his conclusion. These facts came from Defendants' exhibits offered in support of their motions for summary judgment. Plaintiff did not object to any of these exhibits, so any objections to the Court's consideration of these materials are waived. *See Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993); *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994).

### I. Psychological and Medical Care

Plaintiff asserts that he received deficient psychological and medical care while incarcerated. The Eighth Amendment requires that prison officials provide medical care to incarcerated individuals because a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04

(1976). A prison official violates the Eighth Amendment when he acts with deliberate indifference to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim of deprivation of adequate medical care has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, Plaintiff must allege that the medical need at issue is sufficiently serious, *id.*, such that the "prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004).

The subjective component requires Plaintiff to show that Defendants have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. If a prisoner alleges only that the medical or psychological care that he received was inadequate, "federal courts are generally reluctant to second-guess medical judgments and constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011).

Although Plaintiff disagrees with the psychological and medical care that Defendants provided, this falls short of supporting his Eighth Amendment claim. *See Thomas v. Coble*, 55 F. App'x 748, 749 (6th Cir. 2003) ("[Plaintiff] and Dr. Coble clearly

disagreed over the preferred medication to treat [Plaintiff's] pain. However, this difference of opinion does not support an Eighth Amendment claim."). Plaintiff has not presented evidence to support the subjective component of an Eighth Amendment claim against any Defendant. Thus, Defendants are entitled to judgment in their favor as a matter of law on this claim.

## II. Cell Conditions, Use of Restraints, Risk of Assault, and Use of Force

To establish an Eighth Amendment claim, Plaintiff must show that Defendants deprived him of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Restrictions that are restrictive or even harsh, but are not cruel and unusual under contemporary standards, are not unconstitutional. *Id.* Thus, federal courts may not intervene to remedy conditions are that merely unpleasant or undesirable.

### a. Cell Conditions

Plaintiff argues that he was not given recreational time, which deprived him of life's necessities. Plaintiff did not receive recreational time because he was placed in a security cell. To assess whether Defendants deprived Plaintiff of life's necessities, the Court may consider "the limitations placed on each class of inmates that might restrict prisoner interaction, as well as prison security requirements, and whether the restrictions are 'totally without penological justification.'" *Walker v. Mintzes*, 771 F.2d 920, 928 (6th Cir. 1985) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). Plaintiff was classified as a maximum security inmate, and as a result, spent his time in either a

security cell or temporary holding cell. (ECF No. 62, PageID. 277.) Per jail policy, maximum security inmates are not given access to recreational and social programs. *Id.*

Extreme deprivations are required to make a conditions-of-confinement claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Placement in a security cell is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Id.* (quoting *Rhodes*, 452 U.S. 337, 347 (1981); *see also Jones v. Waller*, No. 98-5739, 1999 WL 313893, at *2 (6th Cir. May 4, 1999). Although Plaintiff was denied recreational privileges, he does not claim or show that he was denied basic human needs and requirements. Without a showing that basic human needs were not met, the denial of privileges cannot establish an Eighth Amendment violation. *See Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008). Plaintiff has not presented evidence on which a reasonable trier of fact could find that any Defendant deprived him of basic human needs. Thus, summary judgment for Defendants is appropriate for this claim.

      b.    **Use of Restraints**

"Liberty from bodily restraint always has been recognized as the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982) (internal quotation omitted). This interest survives a criminal conviction and incarceration, pretrial detention, and involuntary civil commitment. *See id.* A detainee's liberty interest in freedom from restraint is highly qualified, and must be balanced against the state's reasons for restraining that liberty. *See*

*id.* at 320-21. Restrictions on pretrial detainees implicating a liberty interest may not "amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 534 (1979). If there is no showing of an expressed intent to punish, the determination of whether a condition is imposed for a legitimate purpose or for the purpose of punishment "generally will turn on whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." *Id.* at 538 (internal quotations omitted).

From March 1, 2012 through May 22, 2013, Plaintiff was held as a pretrial detainee in the Muskegon County Jail. During this period, Defendants placed Plaintiff in the holding cell for observation after suicide attempts and ideation. While in the holding cell, Defendants put Plaintiff in restraints for prolonged periods of time. Pursuant to jail policy, maximum security inmates are always held in restraints when they are located outside the security areas. (ECF No. 62, PageID.282.) It is undisputed that Plaintiff also engaged in several instances of fighting while in restraints in the holding cell, which showed Plaintiff's further need for restraints. (ECF No. 62, PageID.284.) Defendants' use of restraints was not meant for punishment, but rather to protect Plaintiff and other inmates in the holding area.

    c.    **Use of Force and Risk of Assault**

To establish an excessive use of force violation, Plaintiff must satisfy both the objective and subjective components of the Eighth Amendment. *See Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). Whenever prison officials are

accused of using excessive force in violation of the Eighth Amendment, "the core judicial inquiry is that set out in *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986): whether the force was applied in a good-faith effort to restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). To determine whether the use of force is wanton and unnecessary, courts may evaluate the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, efforts made to temper the severity of a forceful response, and the absence of any serious injury. *Hudson*, 503 U.S. at 7.

Plaintiff argues that Defendants' use of restraints, for periods ranging from 3 to 30 days, was wanton and unnecessary. Plaintiff also asserts that Defendants' use of restraints while Plaintiff was kept in a holding cell violated his "constitutional right to be kept from assault." (ECF No. 87, PageID. 462.) Finally, Plaintiff argues that Defendant Benedict's use of pepper spray violated the Eighth Amendment.

Defendants placed Plaintiff in the holding cell because he was on suicide watch, and Defendants kept Plaintiff in restraints to protect himself and other inmates. In less than a year, Plaintiff attempted suicide twice, once by hanging and once by cutting himself with a razor blade. Based on his offense characteristics and ongoing incidents in the jail, Plaintiff was a mentally ill, high security prisoner. (ECF No. 87-5.) The Court must evaluate Plaintiff's claims in light of this background.

Plaintiff has not shown that the use of restraints or Defendant Benedict's use of pepper spray was wanton and unnecessary. Plaintiff asserts that the "fact that Plaintiff was in shackles for 30 days, 14 days, 7 days, 3 days while classified as general population shows that defendant's (sic) actions were 'wanton,' malicious, sadistic and for the very purpose of causing harm." (ECF No. 87, PageID 484.) But Plaintiff has not supported this claim with any evidence raising a triable issue of fact. Plaintiff also argues that, in his opinion, he did not pose a threat to Defendant Benedict because he "was behind some cages." (ECF No. 78, PageID.428.) This is not enough to survive Defendants' motion for summary judgment. On the present record, no reasonable trier of fact could find that Defendants' actions were wanton, malicious, sadistic, and for the very purpose of causing harm. Thus, Defendants' motion for summary judgment is granted for this claim.

## II.   Qualified Immunity

A government official sued under § 1983 "is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014); *see Lane v. Franks*, 134 S. Ct. 2369, 2381 (2014). Qualified immunity is an immunity from suit, rather than a mere defense to liability. *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2019 (2014). It shields a government official from money damages unless (1) the official violated a statutory or constitutional right, and (2) that right was "clearly established" at the time of the challenged conduct. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). District courts are permitted to exercise discretion in deciding which of the two prongs of

qualified immunity analysis should be addressed first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "In other words, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Carroll*, 135 S. Ct. at 350 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). The burden of convincing a court that the law was clearly established "rests squarely with the plaintiff." *Cope v. Heltsley*, 128 F.3d 452, 459 (6th Cir. 1997) (citations omitted). Plaintiff has not demonstrated that the law was clearly established with respect to any of his Eighth Amendment claims. Thus, Defendants are entitled to qualified immunity.

The R&R accurately recites the facts and correctly applies pertinent law. The Court finds the R&R to be well-reasoned and finds Plaintiff's objections to be without merit. For the reasons explained herein and in the R&R, the Court will grant Defendants' motions for summary judgment (ECF No. 57, 59, 61, 63), and finds that there is no good-faith basis for an appeal.

### **Motion for Extension of Time**

Plaintiff also objects to the Magistrate Judge's order denying Plaintiff's motion for extension of time. This Court is required to make a de novo determination when a magistrate judge's ruling on a dispositive motion is challenged. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). Plaintiff argues that he "had no idea that the brief

could have been filed whilst the motion for extention (sic) of time was still pending and this makes no logical sense." (ECF No. 90.)  Plaintiff's lack of knowledge of local court rules is not a valid objection. Plaintiff's response brief was due 28 days after service of Defendants' motions for summary judgment, on January 25, 2016.  W.D. Mich. Civ. R. 7.2(c).  On that day, Plaintiff filed a motion requesting a 90-day extension.  (ECF No. 69.) The Magistrate Judge did not rule on the motion until August 3, 2016.  Plaintiff had several months to file a response brief but did not do so.  The Court sees no error in the Magistrate Judge's denial of Plaintiff's motion for extension of time.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (ECF No. 87) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 78) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the Magistrate Judge's order denying Plaintiff's motion for extension of time (ECF No. 90) is **OVERRULED.**

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (ECF Nos. 57, 59, 61, 63) are **GRANTED**.

A judgment will be entered that is consistent with this Opinion.


Date:  September 16, 2016             /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     UNITED STATES DISTRICT JUDGE